August 4, 2006

Judge Denis R. Hurley
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

     Re:  The Provident Bank v. Community Home Mortgage Corporation, et al.
       Index No. 02 Civ 5219

Dear Judge Hurley:

   I represent Susan Silverman ("Susan") who was named as a defendant in the Amended Complaint (the "Complaint") in this case.  I am writing to request a pre-motion conference so that I may make a motion to dismiss this case against Susan for the reasons set forth below.

   Of the 17 causes of action in the complaint, it appears (but is not clear as will be explained) that Susan is included in 9 of them – 2, 3, 4, 5, 6, 7, 8, 9 and 11.  The 46 page 168 paragraph Complaint mentions Susan's name only 4 times:

1. Paragraph 11 alleges that she is a citizen of the United States, gives her address, and alleges that she is the wife of Ira Silverman.
2. Paragraph 35 alleges that she "was the beneficiary of the fraudulent conveyances, embezzlement and theft of funds from Plaintiff and other banks by Ira Silverman."
3. Paragraph 134 alleges that she and others "may further encumber transfer, dispose of, distribute, commingle their assets, or encumber their residences and as a result thereof, the Provident will be irreparably harmed."
4. The caption to the ninth cause of action lists her name among a group of 13.

   Nowhere in the Complaint does it allege that Susan was an officer, director, employee or shareholder of Community Home Mortgage Corp. or Community Home Funding Group, Ltd., the two entities with contractual relations with the plaintiff and which are collectively referred to as the Community Defendants in the Complaint and this letter.  Nowhere in the Complaint does it allege what assets she received from the Community Defendants.

**Federal Rule of Civil Procedure 4(m) and the Case Management Scheduling Order**

   The Complaint is dated September 30, 2004 but it was filed September 30, 2005.  Federal Rule of Civil Procedure 4(m) requires that a summons and complaint be served "within 120 days after the filing of the complaint" or the court "shall dismiss the action…"  The Complaint was served on Susan on July 25, 2006, which is 298 days after it was filed.  In addition, the Case Management and Scheduling Order dated October 11, 2005 sets the deadline for joining

August 4, 2006
Page 2

additional parties at November 7, 2005.  So, the plaintiff served Susan 178 days after the FRCP 4 deadline and 260 days after the Case Management and Scheduling Order deadline.

## Second Cause of Action

The caption to this cause of action says it is against all defendants and claims that "Defendants by obtaining funding from Provident using fraudulent duplicate loan documents, failing to deliver proper original mortgage loan documents to Provident pursuant to the parties' agreements, breached the covenant of good faith and fair dealing implicit in those agreements." Since Susan was not a party to any of the agreements, or associated with the entities that were, she cannot be liable under this cause of action.

## Third Cause of Action

The caption to this cause of action says it is against all defendants and claims:

"112. During the years 2001 and 2002 Defendants came into possession of loan proceeds from valid mortgage documents of a value in excess of $20,000,000 which they converted to their own use and failed to transfer to Plaintiff's use.
113. The Defendants obtained funds from Provident using duplicate fraudulent mortgage documents and they converted for their own use in advanced sums or amount to be determined at trial, but in no event less that $12,309,498."

Since Susan (i) was not a party to the agreements upon which the allegedly valid proceeds and fraudulent proceeds were obtained; (ii) was not associated with the Community Defendants; and (iii) is not alleged to have participated in creating the fraudulent documents, she cannot be liable for conversion.  This cause of action is also barred by the 3 year statute of limitations for conversion (CPLR §214) since the latest the money could have been converted was September 26, 2002 (the latest possible date the Community Defendants were in business, although they may have been out of business a few days before that) and the Complaint was not filed until September 30, 2005.  Also, the money allegedly taken cannot be subject to conversion because there was no obligation to return the specific money in question to the plaintiff.  23 NYJur2d, Conversion, §9; Fiorenti v. Central Emergency, 762 NYS2d 402 (App Div 2nd Dept 2003).

## Fourth Through Seventh Causes of Action

The captions to all 4 of these claims say they are against all defendants, and all claim fraudulent conveyances in violation of the Debtor and Creditor Law of the State of New York. However, nowhere in the Complaint is it alleged what the fraudulent transfers were, or that Susan participated in any way in such transfers.  In addition, the statutes provide for setting aside transfers, so there must be specific allegations as to what the transfers were.  The Complaint only says that the defendants received money improperly.  The Complaint does not even allege any transfers by the Community Defendants to Susan.  The allegations of the Complaint indicate just

August 4, 2006
Page 3

the opposite of any fraudulent conveyances because the claim is that the Community Defendants used phony loan documents to obtain money from the plaintiff.  So, rather than the Community Defendants getting rid of assets for too little consideration, they actually obtained money in exchange for no consideration.  While that may be fraud, it is not a fraudulent conveyance.

### Eighth Cause of Action

The caption to this claim says it is against all "individual" defendants and claims that injunctive relief is necessary because the listed individuals (of which Susan is one) may encumber their assets or residences.  But the WHEREFORE clause for this claim lists only 4 defendants and Susan is not one of them.  Susan was not associated with the Community Defendants and there is no allegation that she received money from them.  There are also no allegations in the Complaint that would warrant this type of drastic relief in this action for money damages.  There is no showing that Susan has any of the Community Defendants' assets, or that she is a risk to encumber her assets (which primarily consists of the home she has owned since 1962, 18 years before she married Ira Silverman, her second husband).  Susan cannot be liable on this cause of action even if it is asserted against her (which is not clear from the Complaint).

### Ninth Cause of Action

The caption to this cause of action says it is against thirteen listed individuals (of which Susan is one) and claims unjust enrichment.  However, in the WHEREFORE clause for the ninth cause of action only nine defendants are listed and Susan is not one of them.  Again, there is no allegation of what money she received to be unjustly enriched so she cannot be liable on this cause of action even if it is asserted against her (which is not clear from the Complaint).

### Eleventh Cause of Action

The caption to this cause of action says it is against all defendants and claims that material misrepresentations were made to fraudulently induce plaintiff to advance money.  Susan was not party to any of the agreements, was not associated with the Community Defendants, and made no representations to plaintiff, so she cannot be liable on this cause of action.

### All Causes of Action

This entire case must be dismissed because of lack of diversity since plaintiff is a New Jersey corporation and several of the defendants are residents of New Jersey.  28 USC §1332(a).

I would prefer a telephonic conference.  Thank you for your cooperation.

Sincerely,
s/Howard M. Sommers
Howard M. Sommers

cc:  All counsel and parties by electronic filing